IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARTIN V. WEBB,** *et al.***,**

       **Plaintiffs,**

  **vs.**                               **Civil Action 2:05-CV-548**
                                            **Judge Smith**
                                            **Magistrate Judge King**

**CHASE MANHATTAN MORTGAGE**
**CORPORATION,**

       **Defendant.**

## OPINION AND ORDER

Plaintiffs bring this action on behalf of themselves and a putative nationwide class of plaintiffs, alleging that defendant mishandled mortgage loans secured by borrowers' homes in contravention of the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq*. ("RESPA").  With the resolution of the motion to dismiss the amended complaint, plaintiffs' claims under RESPA and the state law claims asserted in counts III (breach of contract) and IV (breach of duty of good faith and fair dealing) remain pending.  This matter is now before the Court on *Defendant's Motion for Leave to File Amended Affirmative Defenses, Instanter*, Doc. No. 35.

Defendant filed its answer to the amended complaint on March 26, 2007.  Doc. No. 34.  On June 19, 2007, defendant filed its motion for leave to amend the answer to assert an additional affirmative defense, *i.e.,* "Plaintiffs' claims relating to the amount of any insurance premiums are barred by the filed rate doctrine."  *Defendant's Motion for Leave to File Amended Affirmative Defenses, Instanter*, at 2, Doc. No. 35.[1]

---

[1] Under the filed rate doctrine, an entity cannot challenge as excessive the rate which has previously been approved by a governing regulatory agency.  *Keogh v. Chicago & N.W.Ry. Co.,* 260 U.S. 156, 163 (1922).

Plaintiffs contend that the filed rate doctrine is unavailable as a defense in this action because the action "is ultimately not about being charged higher than normal insurance premiums.  It is actually about being charged unnecessary premiums, some of which were excessive, as a result of Defendant's deceptive and illegal conduct." *Response to Defendant's Motion for Leave to File Amended Affirmative Defenses, Instanter,* at 4.

Defendant's motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure which provides that leave to amend a pleading "shall be freely given when justice so requires."  F.R. Civ. P. 15(a). The grant or denial of a request to amend a pleading is left to the broad discretion of the trial court. *General Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990).  Among the factors to be considered by the Court is "futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The issue of excessiveness of the rates allegedly charged by defendant may be relevant to some or all of the claims asserted by plaintiffs in this action.  Indeed, plaintiffs allege that the rates of insurance premiums allegedly improperly passed on by defendant to homeowners was, in some instances, excessive.    *See, e.g., Amended Complaint,* ¶¶33, 37, 58.

Under these circumstances the Court is unable to conclude that a defense based on the filed rate doctrine is so clearly futile as to warrant denial of leave to amend the answer to include that affirmative defense.

Because the plaintiffs raise no other objection to the motion for leave to amend the answer, defendant's motion for leave to amend, Doc. No. 35, is **GRANTED.  The Clerk is DIRECTED to file the tendered**

**amended answer attached to the motion.**


October 18, 2007               *s/Norah McCann King*
                                  Norah M<sup>c</sup>Cann King
                            United States Magistrate Judge